Graham was in the employ of the defendant in error at Delsart, in Dallam County, as a storekeeper for that station. He had been an employe of the company in that position for about two years, and was the only person employed in the storehouse at that time, having charge of the room, but subject to the control of the foreman, as his clerk, whose office was adjoining the store. The storehouse consisted of one room and a loft. The heavy articles were stored in the room below, and the lighter articles were stored in the loft. When any supplies were needed from the store for the use by the trainmen or in any other department, it was the business of Graham to supply them upon proper demand. If the article demanded was in the loft, Graham would be required to ascend to the loft by placing a ladder against the wall of the room, and, when upon top of the ladder, he would climb through what is called a manhole into the loft, and, having secured the article desired, would descend through the manhole by way of the ladder to the lower floor. This condition had existed for the whole time that he was employed in that business, and he regarded it as dangerous, and had on several occasions mentioned the fact to the foreman in charge at the place, who, at different times, promised that they would furnish him more room for storing articles, so that they could be stored below. Graham did not regard the ladder as dangerous. No change was made, and he continued to perform his duties without objection. Graham became sick, and was absent from the store for several days. Upon his return he discovered that the ladder had been broken at the lower end of each of the legs or upright pieces, and had been repaired by nailing on to each side of the ladder a piece of white pine plank long enough to make the ladder its usual height. Graham testified that he inquired as to how the ladder was broken, and was told by the man that had been in his place. If unsafe, it was Graham's duty to report it to the master mechanic. He examined it, and concluded that it was reasonably safe for use, and proceeded to use it without fear of injury. He made no report to the foreman and no demand for another ladder, or for any further repairs upon that one. Having a call for a lamp cup to be used by one of the trains, Graham took the ladder and set it against the wall as usual, and ascended to the loft, and, having secured the article, was descending through the manhole upon the ladder when he and the ladder both fell. He could not tell why the ladder fell, but it was afterwards found that one of the pieces of plank nailed on to the leg was broken off. Graham was injured by the fall, and sued the railroad company for damages. Upon a trial the court instructed the jury to return a verdict for the defendant, and entered a judgment in accordance with the verdict, which judgment was affirmed by the Court of Civil Appeals.
The railroad company, having undertaken to repair the broken ladder, was bound to use ordinary diligence to make it reasonably safe for the uses for which it was intended. If the ladder, when repaired, was in a reasonably safe condition, then the company had discharged its *Page 591 
duty, and was not liable for the plaintiff's injury. The plaintiff had the exclusive possession and control of the ladder, and was charged with the duty, in case it was unsafe, to report it, that it might be repaired or replaced with a new one. He testified that he inquired into the breaking of the ladder and examined it, and that, in his opinion, it was reasonably safe for use. There was no testimony offered to prove that the ladder was in fact unsafe. It therefore follows that there was no evidence of negligence on the part of the railroad company, and the court did not err in instructing the jury to return a verdict for the defendant. It is ordered that the judgments of the District Court and of the Court of Civil Appeals be affirmed.